## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HERB SHAW,
et al.,

      Plaintiffs,

v.                                            Case No. 8:11-CV-00076-EAK-AEP

DOUG YORKE,
et al.,

      Defendants.

_____/

## ORDER ON AMERICAN HONDA FINANCE CORPORATION'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant's Motion to Dismiss and

Plaintiffs' Motion in Opposition to Co-Defendants AHFA [sic] Motion to Dismiss and

Plaintiffs' Motion for Summary Judgment.  For reasons set forth below, the Motion to

Dismiss will be **GRANTED with prejudice** and the Motion for Summary Judgment

will be **DENIED**.

### BACKGROUND AND PROCEDURAL HISTORY

This dispute arises from allegedly "erroneous and inaccurate" information in

Herb and Sharon Shaw's (collectively, "Plaintiffs") credit report. (Pls. State. of Claim

Jxn. and Venue at p. 6.)  While the complaint does not contain detailed background

information, it appears that Plaintiffs bought a car using a loan from American

Honda Finance Corporation ("Honda" or "Defendant"). (*See id.*)  At some later point,

Plaintiffs allege that they disputed the accuracy of certain information reported by

Honda. (*See id.* at p. 7.)  Plaintiffs requested that Honda provide "proof of the alleged

1

account" and mark the account in dispute, and allegedly Honda did neither. (*Id.* at p. 6.) The complaint does not allege that a consumer reporting agency ("CRA") ever notified Honda of the dispute prior to Plaintiffs' request. (*Id.* at p. 6–8.) Plaintiffs filed this action on January 11, 2011. (*Id.* at p. 1.) Honda has filed a motion to dismiss, and in response Plaintiffs have filed a motion for summary judgment. (Def. Mot. to Dismiss; Mot. in Opposition to Co-Def. AHFA Mot. to Dismiss and Pls. Mot. for S.J.)

## MOTION TO DISMISS

### I.   Standard of Review

Any defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

### II.   Discussion

Plaintiffs' complaint presents three claims under 15 U.S.C. Sections 1681m and 1671s-2(a). (Pls. State. of Claim Jxn. and Venue at p. 6–8.) Additionally, while the complaint mentions neither, the parties have disputed claims under 15 U.S.C.

2

Section 1681s-2(b) and state law. (Def. Memo. of L. in Opposition to Pls. Mot. for S.J. *passim.*)

### A. Section 1681m(g)(2) Claim

Plaintiffs' claim under 15 U.S.C. Section 1681m(g)(2) fails as a matter of law because only Federal agencies and officials can enforce Section 1681m. 15 U.S.C.A. § 1681m(h)(8) (WL current through Pub. L. 112-17). Section 1681m(h)(8) bars civil actions for a failure "to comply with this section." *Id.* While it has been argued that "this section" is ambiguous language that could refer to Subsection (h) only, the majority of courts that have considered Subsection (h)(8) have applied it to all of Section 1681m. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006) (listing cases). While the Eleventh Circuit has not yet considered whether Subsection (h)(8) applies to all of Section 1681m or only to Subsection (h), this Court finds the Seventh Circuit's ruling in *Perry* persuasive. *See id.* at 819–823. The Seventh Circuit noted that Congress typically adheres to a hierarchical structure in writing statutes in which "section" refers to the entire section and "subsection" refers to just the individual subsection. *Id.* at 820–821. This meaning is consistent with other uses of the terms "section" and "subsection" in Section 1681m, excluding a few instances in which the different usage is clearly identified (such as "[S]ection 1681a(k)(1)(A)"). *Id.* (internal quotations omitted). As such, Subsection (h)(8) applies to all of Section 1681m, including Section 1681m(g)(2). Because Subsection (h)(8) forecloses private enforcement of Section 1681m(g)(2), the Plaintiffs' claim under that section fails as a matter of law.

### B.  Section 1681s-2 Claims under Subsection (a)

The complaint alleges two violations of 15 U.S.C. Section 1681s-2(a).  Count II of the complaint references 15 U.S.C. Section 1681s-2, then states "(3) *Duty to provide notice of dispute.*"  (Pls. State. of Claim Jxn. and Venue at p. 7 (italics in original).)  Count III similarly indicates Section 1681s-2, then "(a) Duty of Furnishers of Information to Provide Accurate Information." (*Id.* at p. 8.)  This is consistent with the language in Section 1681s-2(a).  *See* 15 U.S.C.A. § 1681s-2(a).

As such, both of these claims are dismissed because Subsection (c) limits civil liability for violations of Subsection (a).  Section 1681s-2(c) indicates that Sections 1681n and 1681o, the sections providing a private cause of action, do not apply to Section 1681s-2(a).  *Id.* at 1681s-2(c).  This unambiguously indicates that Plaintiffs cannot bring a suit under Section 1681s-2(a).  While Plaintiffs present some authority to show that the Fair Credit Reporting Act provides a private cause of action, these authorities all indicate that that private cause of action is under Section 1681s-2(b), not 1681s-2(a).  *E.g., Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926 (N.D. Ill. 2000) ("[t]he statutory provision in question, Section 1681s-2, explicitly limits civil liability for furnishers who violate Subsection (a)").  Plaintiffs propose to include the text of Section 1681n and 1681o in the complaint.  (Mot. in Opposition to Co-Def. AHFA Mot. to Dismiss and Pls. Mot. for S.J. at p. 7.)  Including these sections would not save a cause of action under Subsection (a), because these sections do not apply to Subsection (a).  15 U.S.C.A. § 1681s-2(c).  Because Section 1681s-2 clearly forecloses a private cause of action under Subsection (a), both of these claims must be dismissed.

4

### C.  Section 1681s-2(b) Claim

The complaint does not expressly make any allegations under 15 U.S.C. Section 1681s-2(b).  Still, courts hold the pleadings of *pro se* plaintiffs to less stringent standards, although their complaints still must present facts that would invoke appropriate legal principles.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In recognition of Plaintiffs' *pro se* status, the Court will evaluate the complaint for claims under Section 1681s-2(b).

But even with lowered standards, Plaintiffs' complaint does not state a claim upon which relief can be granted, because it does not allege that a CRA notified Honda of the dispute.  Section 1681s-2(b) imposes duties on a furnisher of information when they receive "notice pursuant to [S]ection 1681i(a)(2)."  15 U.S.C.A. § 1681s-2(b)(1).  Section 1681i(a)(2) requires a CRA give notice to a furnisher of information, such as Honda, within five days of the CRA receiving a notice of dispute from the consumer.  15 U.S.C.A. § 1681i(a)(2).  Taken together, these sections indicate that a furnisher of information's duties under Section 1681s-2(b) arise when the furnisher receives notification from a CRA.  *Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1174 (E.D. Wis. 2009).  If a furnisher receives notice from a source other than a CRA, it does not trigger Section 1681s-2(b).  *Id.*

Accordingly, because Plaintiffs' complaint alleges that only Plaintiffs themselves gave notice to Honda, it is legally insufficient to give rise to any claims under Section 1681s-2(b).  Plaintiffs' complaint merely alleges "the Plaintiff[s] contacted the Co-Defendant American Honda Finance Corp. with a letter of dispute" and that Honda did not respond.  (Pls. State. of Claim Jxn. and Venue at p. 6.)  The

5

complaint never alleges that a CRA also gave notice to Honda. (*Id.* at p. 6-9.) Without notification from a CRA, Section 1681s-2(b) gives Honda no duties; Plaintiffs' claims under Section 1681s-2(b) must be dismissed.

### D. State Law Claims

There are no state law claims stated in the complaint. After spending five pages explaining the preemption of state law claims, Honda concludes without explaining how this discussion relates to the instant case. (Def. Memo. of L. in Opposition to Pls. Mot. for S.J. at p. 1–5.) Despite Honda's lengthy discussion of preemption of state law claims, every claim in the complaint has a citation to the United States Code. (Pls. State. of Claim Jxn. and Venue at p. 6–8.) Seeing no state law claims in the complaint, the Court cannot dismiss them, because they do not exist—there are, in fact, no claims against Honda left to dismiss.

### SUMMARY JUDGMENT MOTION

Pursuant to Defendant's Motion to Dismiss, all counts of the complaint have been dismissed. As all counts of the complaint have already been dismissed, Plaintiffs' Motion for Summary Judgment is moot.

### CONCLUSION

Plaintiffs cannot bring a claim under 15 U.S.C. Section 1681s-2(a) or 1681m because both sections fail to create a private cause of action. Under 15 U.S.C. Section 1681s-2(b), Plaintiffs' complaint is insufficient because it does not allege that a CRA gave Honda notice of the dispute. Because the complaint is insufficient, Plaintiffs' Motion for Summary Judgment is moot. Accordingly, it is:

6

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for Summary Judgment is **DENIED** as moot.  The Plaintiffs have failed to serve the other defendant in this case, Douglas Yorke, in a timely manner; therefore the action against Mr. Yorke is dismissed for failure to prosecute.  The Clerk of Court is **DIRECTED** to close this cause of action and to enter judgment in favor of Defendant American Honda Finance Corporation and against Plaintiffs.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 28th of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.